IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MANETIRONY CLERVRAIN,**

    **Plaintiff,**

    v.                                                    CASE NO. 19-3040-JWL

**SAMUEL DALE BROWNBACK,**

    **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil rights action on March 15, 2019. The Court entered an order on May 8, 2019, finding that Plaintiff is subject to the three-strikes provision under 28 U.S.C. § 1915(g). (Doc. 5.) On July 12, 2019, the Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b) for failure to pay the filing fee as ordered by the Court. (Doc. 6.) Plaintiff appealed, and on December 29, 2020, the Tenth Circuit Court of Appeals dismissed the appeal as untimely filed. (Doc. 16.)

More than a year after the case was dismissed, Plaintiff filed two motions in this case. (Docs. 14, 15.) In denying the motions, the Court stated in a February 26, 2021 Order that "Mr. Clervrain's filing in this closed case of additional motions is inappropriate. Therefore, the motions are summarily denied. Any additional motions Plaintiff files in this case may be summarily denied as well." (Doc. 20, at 1.) Despite this warning, Plaintiff filed three additional motions in this closed case. (Docs. 22, 25, 26.) On June 25, 2021, the Court entered an Order noting that Plaintiff had been warned about filing additional motions and summarily denied the motions. (Doc. 27.)

On May 29, 2024, Plaintiff filed a 441-page "Amended Complaint for Controversies Allegations" (Doc. 29); a "Proposed Motion to Expedite for All Parties Involved in Controversies" (Doc. 30); and a Civil Cover Sheet (Doc. 31). Plaintiff's "motion" is actually a Pro Hac Vice

Electronic Filing Registration Form, which Plaintiff signs purporting to be an attorney applicant. *See* Doc. 30.

Plaintiff filed and titled these submissions on his own because he was granted e-filing privileges with this Court. Pro se parties who wish to file electronically can apply for e-filing privileges in this Court. However, the Court's administrative procedures state that "[t]he court reserves the right to revoke pro se electronic filing privileges at any time." *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas*, Section I(D)(2)(i) (Revised December 2022); *see also Ysais v. Richardson*, 603 F.3d 1175, 1179–80 (10th Cir. 2010) (noting that plaintiff's electronic filing privileges were revoked after plaintiff bombarded the court with electronically-filed motions).

Based on Plaintiff's failure to comply with the Court's orders to refrain from filing motions in his closed case, and his inaccurate titles and filings, the Court finds that his e-filing privileges should be revoked. Plaintiff currently has no open cases pending in this Court. As noted, Plaintiff is a three-strikes litigant. In addition, filing restrictions were imposed against him on September 12, 2022, in *Clervrain v. Biden*, Case No. 22-1086-EFM-GEB. The Court's Memorandum and Order in that case requires that "Plaintiff be required to obtain leave of Court to initiate a civil case in this district without representation by an attorney admitted to practice before this Court." *Id*. at Doc. 8. The Court cautions Plaintiff that if he continues to file documents in his closed cases, the Court will consider expanding his filing restrictions to encompass all submissions to this Court.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion (Doc. 30) is **denied.** This case remains closed.

**IT IS FURTHER ORDERED** that the Clerk is directed to take the necessary steps to revoke Plaintiff's e-filing privileges with this Court.

**IT IS SO ORDERED**.

**Dated May 31, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**